*374
 
 Bevis, J.
 

 The plaintiffs in error are the children of William Aigler, one of the deceased brothers of the testatrix.
 

 It is their contention that:
 

 (1) The home was devised by the language of the will to Ellen E. Aigler and Morgan Aigler in fee. These devisees having predeceased the testatrix, the devise lapsed, and this property should descend as intestate property.
 

 (2) Only a life estate in the farm was given to Ellen E. Aigler by the will, and the remainder was disposed of by the “final disposition clause.”
 

 (3) The “final disposition clause” is a class gift to “all my brothers and sisters,” with a substitutional gift to the ‘ ‘ heirs ’ ’ of any brother or sister who might die before the testatrix. The language in this clause, “excepting William Aigler and Mrs. Dorothy Bair above mentioned, who shall receive one dollar each only as above stated,” excludes Dorothy Bair and William Aigler as individuals, but not the heirs of William Aigler.
 

 (4) The shares in the personalty left by the will to those brothers and sisters who predeceased the testatrix, leaving no descendants, should go as intestate property.
 

 Taking up first the question as to the home, did the language of the will create a fee in Morgan Aigler and Ellen É. Aigler?
 

 Plaintiffs in error urge that the words “give, devise and bequeath * * * to Morgan Aigler and Ellen E. Aigler, all my right and interest in the home on N. West street, Bellevue, Ohio,” are “clear and decisive terms” granting a fee’ — that being the interest which testatrix had — and that the effect of these words may not be cut down by “subsequent words that are not as clear and decisive.”
 
 Collins
 
 v.
 
 Collins,
 
 40 Ohio St., 353. They urge further that the testatrix showed in the next clause, devising the farm, that she had
 
 *375
 
 knowledge of apt words to create a life estate, and that the differing phraseology of the two clauses shows conclusively an intention to devise the home in fee.
 

 Cogent as these considerations are, however, we are of the opinion that the entire document, read together, compels a different conclusion. The power of sale to each or either of the donees of the home raises a question at least whether the interest granted was a fee, and that power, read in connection with the similar power given to Ellen to sell the farm, and with the language in the final disposition clause, indicates much more clearly an intention to convey an interest for life only.
 

 The final disposition clause is broad enough to cover all interests in real estate or the proceeds thereof if sold and, furthermore, postpones final distribution of such interests until the death of both Morgan and Ellen. If the farm alone was comprised within this clause, the use of Morgan’s name in this place becomes meaningless and confusing. If the remainder in the home also is within the clause, the use of Morgan’s name is clear and understandable.
 

 Although this consideration is not controlling, some weight may also be given to the fact that the entire second item of this will, artlessly drawn as it is, consists of but a single sentence, unbroken at any point by a full stop. Applied to this will, the rule that a fee, conveyed by apt words, may not be cut down by subsequent words, less apt, loses some of its force. In our opinion, the will gives to Morgan and Ellen a life estate only in the home.
 

 Turning now to the. farm, it is conceded that the will gave to Ellen Aigler a life interest only, and that the remainder was disposed of by the “final disposition” clause. No question of lapse is asserted as to this interest because of the substitutional gift to the heirs. The important question to be first disposed of in this connection is whether the heirs of William Aigler
 
 *376
 
 share in the remainder. It is admitted that Dorothy Bair and William Aigler- individually are specifically excluded; but it is claimed that the words “all my brothers and sisters or their heirs according to law, excepting William Aigler and Mrs. Dorothy Bair above mentioned who shall receive one dollar each as above stated,” do not exclude William Aigler’s heirs. This argument is principally predicated upon the sequence of the words. Had the testatrix said “among all my brothers and sisters excepting William Aigler, or their heirs according to law,” it is conceded that the heirs as well as William Aigler would have been excluded. When again, however, we consider the whole scheme of distribution, as evidenced by the will in its entirety, it becomes clear that the intention of the testatrix was to exclude not only William Aigler, but his heirs. The words “who shall receive one dollar each only as above stated” can refer to nothing other than the opening language of item 2, “I give, devise and bequeath to my brother, William Aigler,
 
 or his heirs,
 
 one dollar, to Mrs. Dorothy Bair, wife of Dr. Bair, a niece, one dollar.” This opening.clause, the omission of William Aigler and Seville Feese from the list of named beneficiaries of the personal bequests, and the language used in the final disposition clause, combine perfectly to evince an intention on the part of the testatrix to exclude not only William and Seville, but their children, from substantial participation in the estate.
 

 Considering now the portion of the will disposing of the personal property, it will be observed that this was not a gift to a class as was the remainder in the real estate, but the personal property was given to specifically named individuals. There is no doubt that at common law the shares of the legatees who predeceased the testatrix would have lapsed; nor would lapse of the shares of the brothers and sisters who left no issue have been prevented by the provisions of Section
 
 *377
 
 10581, General Code, as it read before the amendment, effective January 1,1932.
 

 It is tbe contention of tbe defendants in error, however, that the amended section, now known as Section 10501-73, General Code, governs the facts of this case and prevents a lapse. This section reads: “When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the mil was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator.
 
 If such devisee leaves no issue and the devise be of a residuary estate or of the entire estate
 
 after (a) debts, (b) other legacies and devises, general or specific, (c) a life estate, or (d) any other interest less than a fee or absolute ownership,
 
 to such devisee and one or more children or relatives of the testator, the estate devised shall pass to and vest in such other devisee or devisees surviving the testator
 
 in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition be made or required by the will.”
 

 The italicized words (italics ours) on their face appear to cover the case in hand. Plaintiffs in error assert, however, that in the absence of words specifically so declaring, it cannot be assumed that this will disposed of the entire estate of Addie M. Aigler. Title examiners, they point out, may be at a loss in such cases to know whether this section applies to a given piece of property or not. Furthermore, if this will in its several parts be deemed to have disposed of the entire estate, they contend it would be absurd to hold that the statute applies unless the donees of the several parts are identical. They illustrate the alleged absurdity by the supposition that a will gives “all my personalty to A and all my real estate to B.” If A
 
 *378
 
 predeceased, the testator, leaving no issue, literal application of the statute would give- the entire estate to B.
 

 Whatever force these contentions may have, it seems to us that in the instant case they are insufficient to overcome the plain language and obvious intent of the legislation. No one doubts that in fact this will did dispose of the entire estate of Addie M. Aigler, and, as a matter of fact, also, the persons comprised within the class to whom the real estate is given are the same persons to whom the personal estate will go. Whether both of these conditions are necessary to the operation of the amended section we are not called upon now to decide. .
 

 The foregoing considerations, in our opinion, dispose of this case. The remainder in the home is to be disposed of the same as the remainder in the farm. The heirs of William Aigler and Seville Feese were not intended to share- substantially in the estate. The terms of Section 10504-73, General Code, as applied to the conditions thus established, determine the result. This result appears to us to be in harmony with the intention of the testatrix.
 

 Both the common pleas court and the Court of Appeals were- of the opinion that the amended Section 10504-73, General Code, governed this will, and in this opinion we concur.
 

 Por the foregoing reasons, in our opinion, the construction of the will and the distribution of the estate of Addie M. Aigler decreed by the Court of Appeals were correct, and the exceptions of the plaintiffs in error are accordingly overruled.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Zimmerman, JJ., concur.